1 | J. Scott Denko (Texas State Bar No. 00792457) (*Pro Hac Vice Pending*)
Bradley D. Coburn (Texas State Bar No. 24036377) (*Pro Hac Vice Pending*)
2 | R. Floyd Walker (Texas State Bar No. 24044751) (*Pro Hac Vice Pending*)
Sherri A. Wilson (Texas State Bar No. 24075291) (*Pro Hac Vice Pending*)
3 | DENKO COBURN LAUFF LLP
1501 S. MoPac Expy., Suite A315
4 | Austin, TX 78746
Telephone: (512) 906-2074
5 | Facsimile: (512) 906-2075
Email: denko@dcllegal.com
6 |         coburn@dcllegal.com
        walker@dcllegal.com
7 |         wilson@dcllegal.com

8 | Perry R. Clark (California Bar No. 197101)
LAW OFFICES OF PERRY R. CLARK
9 | 825 San Antonio Road
Palo Alto, CA 94303
10 | Telephone: (650) 248-5817
Facsimile: (650) 618-8533
11 | Email: perry@perryclarklaw.com

12 | Counsel for Plaintiffs
WAVES AUDIO LTD., AND
13 | WAVES INC.

**Filed**

MAR 11 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

14 |

15 | ## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

16 |

EMC

WAVES AUDIO LTD. AND WAVES INC., )  Case No: CV 13 — 1091
17 |                                 )
18 |          **Plaintiffs**        )
                                    )  **PLAINTIFFS' ORIGINAL COMPLAINT**
         **vs.**                    )
19 |                                )
MOTOROLA MOBILITY LLC AND           )  **DEMAND FOR JURY TRIAL**
20 | MOTOROLA TRADEMARK HOLDINGS,)
LLC,                                )
21 |                                )
          **Defendants**            )
22 |

23 |

24 |

PLAINTIFFS' ORIGINAL COMPLAINT

1    This is a lawsuit by Waves Audio Ltd. and Waves Inc. (collectively "Waves") for relief

2    from trademark infringement, dilution and other unlawful acts of Motorola Mobility LLC and

3    Motorola Trademark Holdings, LLC (collectively "Motorola"). Motorola unlawfully, willfully

4    and without authorization has used and continues to use Waves' registered trademark

5    "MAXX" on Motorola's mobile phones. Motorola's conduct has tarnished the mark MAXX

6    and its related trademark family and harmed the reputation of Waves.

7                                                **PARTIES**

8    1.    Waves Inc. is a corporation organized under the laws of Delaware. Its principal

9    place of business is 2800 Merchants Drive, Knoxville, TN 37912.

10   2.    Waves Audio Ltd. is a company organized under the laws of Israel. Its

11   principal place of business is Azrieli Center 3, The Triangle Tower, 32nd Floor, Tel-Aviv

12   67023 Israel.

13   3.    Waves Inc. is a wholly owned subsidiary of Waves Audio Ltd.

14   4.    Upon information and belief, Motorola Mobility LLC is a limited liability

15   corporation organized under the laws of Delaware with its principal place of business at 600

16   North U.S. Highway 45, Libertyville, Illinois 60048.

17   5.    Upon Information and belief, Motorola Trademark Holdings, LLC is a limited

18   liability corporation organized under the laws of Delaware with its principal place of business

19   at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

20                                    **JURISDICTION AND VENUE**

21   6.    This court possess subject matter jurisdiction under 15 U.S.C. § 1121 and 28

22   U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367.

23   7.    Personal jurisdiction is proper in this district because Motorola has solicited and

24   conducted business within the State of California via its marketing and sales of infringing

PLAINTIFFS' ORIGINAL COMPLAINT

1   devices and acts of dilution. Motorola Mobility LLC also maintains an office at 1000

2   Enterprise Way, Sunnyvale, CA 94089. Motorola Mobility LLC regularly conducts business

3   within the State of California. Motorola's products have been inserted into the stream of

4   commerce and directed towards California, amongst other places. Defendants' wrongful

5   actions have damaged Waves within the State of California.

6         8.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), (c)(2), and(d)

7   because a substantial part of the acts giving rise to this cause of action occurred within this

8   judicial district, and Motorola's contacts are sufficient to subject it to personal jurisdiction in

9   this district.

10                     **INTRADISTRICT ASSIGNMENT**

11         9.     Per Civil L.R. 3-2(c), this intellectual property action shall be assigned on a

12   district-wide basis.

13                        **BACKGROUND**

14         10.     Waves is the world's leading developer and supplier of software-based audio

15   signal processing tools and hardware-based products. Waves itself has become synonymous

16   with top-of-the-line audio processing, and the company's products are used where superior

17   sound quality is a prerequisite, such as hit records, major motion pictures, and top-selling

18   games worldwide.

19         11.     In consumer electronics applications, Waves provides various goods and

20   services that compensate for the acoustic quality limitations of small, power efficient speakers

21   systems found in today's most popular consumer products such as LCD TVs, notebook PCs,

22   portable speaker systems, mobile phones, and smart phones.

23         12.     In addition to its own goods and services, Waves' technologies provide custom

24   semiconductor and digital signal processing solutions to some of the most important audio and

PLAINTIFFS' ORIGINAL COMPLAINT

1  consumer electronics firms in the world including Altec Lansing, Audio Products International,

2  Clarion, JVC, Microsoft, Samsung, Sanyo, and Sony.

3  13.  Waves owns the following trademarks registered in International Class 9 on the

4  Principal Register of the Federal Trademark Register of the United States: MAXX,

5  MAXXBASS, MAXXAUDIO, MAXXVOLUME ("Waves' Registered Marks").

6  14.  Waves filed U.S. Trademark Application Serial No. 85/656,250 seeking to

7  register its MAXXVOICE mark ("Waves' Application Mark") in International Class 9 for

8  "software and hardware for voice enhancement in mobile phones, computers, smart phones and

9  VoIP."

10  15.  In addition to the goodwill resulting from Waves' use of its registered marks,

11  Waves owns common law trademark rights and associated good will in its MAXX,

12  MAXXBASS, MAXXAUDIO, MAXXVOLUME, and MAXXVOICE marks based on

13  widespread use of those marks on consumer electronics and other sound-generating products

14  ("Waves' Common-Law Marks").

15  16.  Waves' Registered Marks, Application Mark, and Common-Law Marks

16  (collectively, "Waves' Marks" or "the Waves Marks") are composed and used in such a way

17  that the public associates not only those marks, but the common characteristic "MAXX" of the

18  family, with Waves. Because Waves' Marks form a group of marks having a recognizable

19  common characteristic MAXX, they constitute a protectable family of marks ("Waves' MAXX

20  Family of Marks").

21  17.  The "MAXX" trademark was registered on Mar. 21, 2006 under Reg. No.

22  3,070,047 and was first used in commerce at least as early as November 12, 1997. This mark

23  is incontestable, which, pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes

24  both Waves' exclusive right to use this mark in commerce and its validity. A copy of this

PLAINTIFFS' ORIGINAL COMPLAINT

3

1 | registration is attached hereto as **Exhibit A**.

2 | 18. The "MAXX" trademark has been registered for use with, among other things,
3 | software for control, conditioning and modification of sound for use in audio applications and
4 | technologies to improve sound quality and audio system design and computer and electronics
5 | hardware.

6 | 19. The "MAXXAUDIO" trademark was registered on April 5, 2011 under Reg.
7 | No. 3,941,010 and was first used in commerce at least as early as August 31, 2007. This mark
8 | is incontestable, which, pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes
9 | both Waves' exclusive right to use this mark in commerce and its validity. A copy of this
10 | registration is attached hereto as **Exhibit B**.

11 | 20. The "MAXXAUDIO" mark has been registered for use with, amongst other
12 | things, portable audio appliances including mp3 players.

13 | 21. The "MAXXBASS" trademark was registered on June 1, 2004 under Reg. No.
14 | 2,847,596 and was first used in commerce at least as early as April 17, 1998. The mark is
15 | incontestable, which, pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes both
16 | Waves' exclusive right to use this mark in commerce and its validity. A copy of this
17 | registration is attached hereto as **Exhibit C**.

18 | 22. The "MAXXBASS" mark has been registered for use with, amongst other
19 | things, portable audio appliances including mp3 players.

20 | 23. The "MAXXVOLUME" trademark was registered on Apr. 28, 2009 under Reg.
21 | No. 3,612,855 and was first used in commerce at least as early as April 30, 2007. This mark is
22 | incontestable, which, pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes both
23 | Waves' exclusive right to use this mark in commerce and its validity. A copy of this
24 | registration is attached hereto as **Exhibit D**.

PLAINTIFFS' ORIGINAL COMPLAINT

4

24. The "MAXXVOLUME" mark has been registered for use with, amongst other things, portable audio appliances including mp3 players.

25. Waves' Marks and MAXX Family of Marks are associated with the high quality audio functionality provided by Waves.

26. Waves has won many awards for its products, including, but not limited to, a prestigious 2011 Technical GRAMMY® Award for its innovative professional music production software.

27. Millions of laptop computers and other sound producing consumer electronic devices have been distributed across the United States (including in California) bearing one or more of Waves' Marks.

28. Waves' mark MAXX and Waves' MAXX Family of Marks are famous in California.

29. Motorola markets and has marketed mobile phone products under the names "DROID RAZR MAXX" and "DROID RAZR MAXX HD."

30. The DROID RAZR MAXX and DROID RAZR MAXX HD have the capability and are regularly used by consumers to produce sound from mp3 files.

31. The capability to play mp3 files as well as other audio formats is advertised by Motorola as a feature of the DROID RAZR MAXX and DROID RAZR MAXX HD.

32. The DROID RAZR MAXX and DROID RAZR MAXX HD have become associated with poor audio quality.

33. The poor quality of the sound reproduction in the DROID RAZR MAXX and DROID RAZR MAXX HD mobile phones has tarnished and will continue to tarnish the value of the Waves' Marks and Waves' reputation with respect to high quality audio reproduction.

1    34.    Motorola's use of the terms "DROID RAZR" and "DROID RAZR MAXX" is
2  likely to give the false impression that a distinguishing feature between these products is
3  endorsement by Waves. The relevant public is likely to believe that the "DROID RAZR
4  MAXX" is endorsed by Waves while the "DROID RAZR" has no such endorsement.

5    35.    Waves has no involvement with the audio or sound problems of the DROID
6  RAZR MAXX or DROID RAZR MAXX HD

7    36.    Waves' MAXXAUDIO product is used by cellular telephone manufacturers
8  other than Motorola to improve the audio quality of their phones.

9    37.    Motorola's use of the "MAXX" mark in connection with its products is likely to
10  impede Waves' ability to market its MAXX products to other cellular telephone manufactures.

11    38.    Motorola's use of Waves' Marks in connection with inferior products will
12  discourage other mobile telephone manufacturers and sellers from adopting and advertising the
13  use of Waves' products as a feature of their mobile telephones and electronic products.

14
## MOTOROLA'S WILLFUL CONDUCT

15    39.    Waves informed Motorola of its trademark infringement of the Waves'
16  trademark MAXX on March 29, 2012.

17    40.    Motorola became aware of the likelihood of confusion caused by its use of the
18  "MAXX" mark in relation to its products no later than March 29, 2012.

19    41.    Despite being made aware of the likelihood of confusion, in a letter dated April
20  20, 2012 and signed by David C. Carroll, Motorola stated that it would continue to use the
21  "MAXX" mark in conjunction with its mobile phones and alleged that its use of the term
22  "MAXX" was merely descriptive.

23    42.    After being informed of the likelihood of confusion and despite contending to
24  Waves that its use of the mark MAXX was merely descriptive, Motorola went on to file an

PLAINTIFFS' ORIGINAL COMPLAINT

6

1 application for registration of the mark "MAXX" on the Principal Trademark Register of the
2 United States. That application was signed by David C. Carroll and filed on December 3,
3 2012.

4     43.    Motorola's trademark application for the mark "MAXX" was assigned serial
5 number 85/792,643. A copy of this application is attached hereto as **Exhibit E**.

6     44.    Motorola filed its trademark application with full knowledge and in flagrant
7 disregard of Waves' trademark rights. Despite that knowledge, Motorola declared to the U.S.
8 Patent and Trademark Office that, to the best of its knowledge and belief, "no other person,
9 firm, corporation, or association has the right to use the mark in commerce, either in the
10 identical form thereof or in such near resemblance thereto as to be likely, when used on or in
11 connection with the goods/services of such other person, to cause confusion, or to cause
12 mistake, or to deceive." And despite claiming to Waves that its use of the term MAXX is
13 descriptive, the application filing demonstrates Motorola's belief that the mark is registrable to
14 Motorola on the principal register in International Class 9, the same class to which the Waves'
15 Marks are registered.

16     45.    On January 7, 2013, Waves again notified Motorola by letter of its unlawful
17 conduct regarding Waves' trademark rights, including but not limited to, trademark
18 infringement.

19     46.    On January 14, 2013, Motorola affirmed by response letter its intention to
20 continue to use the "MAXX" mark without regard to Waves' trademark rights while also
21 omitting to mention that following Waves' March 2012 notification Motorola applied to
22 register the mark "MAXX" for its own purposes.

23               **COUNT 1 – FEDERAL TRADEMARK INFRINGEMENT**

24     47.    Plaintiffs incorporate by reference herein the allegations contained in

PLAINTIFFS' ORIGINAL COMPLAINT

7

1  paragraphs 1 through 46 of this Complaint.

2     48.    Defendant's aforementioned acts constitute trademark infringement in violation
3  of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

4     49.    Waves' federal registrations on the Principal Register for the marks MAXX,
5  MAXXAUDIO, MAXXBASS, and MAXXVOLUME are incontestable pursuant to the
6  Lanham Act, 15 U.S.C. § 1115. Incontestability is conclusive evidence of their validity,
7  Waves' ownership of the marks and of Waves' exclusive right to use the marks in commerce in
8  connection with the goods and services specified in the certificates of registration under 15
9  U.S.C. § 1115(b).

10    50.    Defendants are intentionally and wrongfully using in commerce unauthorized
11 reproductions, counterfeits, copies, and colorable imitations of Waves' Registered Marks in
12 connection with the sale, offering for sale, distribution, and advertising of Defendants' mobile
13 phone products, with full knowledge that such marks and designations are counterfeit marks.
14 Such uses are likely to cause confusion, or to cause mistake, or to deceive, including, without
15 limitation, by being likely to cause confusion as to sponsorship or authorization by Waves, or
16 alternatively, by destroying the origin-identifying function of MAXX and other of the Waves
17 Marks. Defendants' actions constitute trademark infringement in violation of section 32(1) of
18 the Lanham Act, 15 U.S.C. § 1114(1).

19    51.    Defendants became aware of Waves' ownership of the Waves Marks including
20 MAXX no later than March 29, 2012.

21    52.    Defendants have made extensive use of the mark MAXX in the promotion of
22 their products.

23    53.    The foregoing acts of infringement have been and continue to be deliberate,
24 willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

PLAINTIFFS' ORIGINAL COMPLAINT

8

54.     Defendants' sales and marketing of the DROID RAZR MAXX and DROID RAZR MAXX HD will likely continue unless enjoined by this Court.

55.     As a proximate result of Motorola's actions, Waves has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits, and the strength of its trademarks. The injury to Waves is ongoing and irreparable.

56.     An award of monetary damages alone cannot fully compensate Waves for its injuries, and Waves lacks an adequate remedy at law.

57.     Waves is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, damages sustained by the Plaintiffs, treble damages, disgorgement of Defendants' profits, and costs and attorneys' fees.

## COUNT 2 – FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING

58.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 57 of this Complaint.

59.     The Waves' Marks are used by Waves in connection with providing high quality goods and services and are distinctive marks that have become associated with Waves and thus exclusively identify Wave's business, products, and services.

60.     Defendants are intentionally and wrongfully using unauthorized reproductions, counterfeits, copies, and colorable imitations of Waves' Marks in commerce on and in connection with Defendants' mobile phone products, resulting in false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact that are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Waves and as to the origin, sponsorship, or approval of

PLAINTIFFS' ORIGINAL COMPLAINT

9

1 Defendants' mobile phone products and commercial activities by Waves, and that
2 misrepresents the nature, characteristics, and qualities Defendants' mobile phone products and
3 commercial activities, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).
4 For example, consumers are deceptively led to believe that the DROID RAZR MAXX and
5 DROID RAZR MAXX HD are sponsored by or otherwise approved by Waves, or
6 alternatively, that the Waves Marks are associated with poor audio functionality, thus
7 destroying the goodwill and value of Waves and the Waves Marks.

8    61.    The foregoing acts and conduct by Defendants constitute false designation of
9 origin and false advertising in connection with products and services distributed in interstate
10 commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11    62.    Defendants' acts, as set forth above, have caused irreparable injury to Waves'
12 goodwill and reputation. The injury to Waves is ongoing and irreparable.

13    63.    Defendants' sales and marketing of the DROID RAZR MAXX and DROID
14 RAZR MAXX HD will likely continue unless enjoined by this Court.

15    64.    Waves is entitled to a permanent injunction against Defendants, as well as all
16 other remedies available under the Lanham Act, including, but not limited to, compensatory
17 damages, treble damages, disgorgement of profits, and costs and attorney's fees.

18    65.    An award of monetary damages alone cannot fully compensate Waves for its
19 injuries and Waves lacks an adequate remedy at law.

20
## COUNT 3 – INJUNCTION AGAINST USE OF FAMOUS MARK UNDER CAL. BUS. & PROFESSIONS CODE § 14427
21

22    66.    Plaintiffs incorporate by reference herein the allegations contained in
23 paragraphs 1 through 65 of this Complaint.

24

PLAINTIFFS' ORIGINAL COMPLAINT

10

67. The Waves Marks are famous and protectable marks in California and, on information and belief, Plaintiffs' protected interest in those marks arose before Defendants' use of those marks.

68. Waves has no control over the qualities, or lack thereof, of Defendants' DROID RAZR MAXX and DROID RAZR MAXX HD products, its advertising and other promotional materials related thereto, or is unauthorized use of the Waves Marks. As a result of such use by Motorola, the business reputation of Waves as well as its MAXX Family of Marks is being tarnished, and such tarnishing will continue unless stopped by this Court.

69. Defendants' sales and marketing of the DROID RAZR MAXX and DROID RAZR MAXX HD and its use of and dissemination of materials bearing the Waves' Marks is and will continue to result in the dilution of the distinctive nature of the Waves' Marks through blurring.

70. Defendants' wrongful conduct constitutes an extreme threat to the distinctiveness of the Waves Marks that Waves has expended great efforts to develop and maintain through its strict control over the usage of the Waves Marks.

71. The Waves Marks are distinctive and of high value and they and the business reputation of Waves with which they are associated has suffered and will continue to suffer irreparable harm by such blurring and tarnishing if Defendants' wrongful conduct is allowed to continue.

72. Defendants' acts, as set forth above, have caused irreparable injury to the distinctive quality of Waves' Marks and the MAXX Family of Marks as well as Waves' business reputation. This injury is ongoing and irreparable.

73. Defendants' sales and marketing of the DROID RAZR MAXX and DROID RAZR MAXX HD will likely continue unless enjoined by this Court.

PLAINTIFFS' ORIGINAL COMPLAINT

11

1    74.    Waves is entitled to a permanent injunction against Defendants consistent with

2    California Business and Professions Code Section 14247.

3

### COUNT 4 – UNFAIR COMPETITION UNDER CAL. BUS. & PROFESSIONS CODE § 17200 ET SEQ.

4

5    75.    Plaintiffs incorporate by reference herein the allegations contained in

6    paragraphs 1 through 74 of this Complaint.

7    76.    Defendants have committed trademark infringement and other unlawful acts as

8    set forth above in violation of plaintiffs' proprietary rights in the Waves Marks. Such acts

9    constitute unfair trade practices and unfair competition under California Business and

10   Professions Code § 17200 et seq., and under the common law of the State of California,

11   entitling plaintiffs to relief.

12   77.    Pursuant to California Business and Professions Code § 17203, Defendants' are

13   required to disgorge and restore to plaintiffs all profits and property acquired by means of

14   Defendants' unfair competition.

15   78.    Due to the Defendants' conduct, Plaintiffs have suffered irreparable harm,

16   suffered injury in fact, and have lost money or property as a result of Defendants' acts of unfair

17   business practices alleged herein. It would be difficult to ascertain the amount of money

18   damages that would afford plaintiff adequate relief at law for Defendants' acts. Plaintiffs'

19   remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiffs are

20   entitled to relief pursuant to California Business and Professions Code § 17203.

21   79.    On information and belief, Defendants' conduct has been intentional and willful

22   and in conscious disregard of plaintiff's rights and, therefore, Plaintiffs are entitled to their

23   attorneys' fees.

24

PLAINTIFFS' ORIGINAL COMPLAINT

12

1

## **PRAYER FOR RELIEF**

2       Plaintiffs respectfully request this Court to enter judgment in their favor against

3   Defendant granting the following relief:

4       A.      That Defendants and those persons and entities in concert or participation

5   with Defendants, and their respective affiliates, successors, and assigns along with the

6   directors, officers, agents, servants, and employees thereof be permanently enjoined

7   from:

8               1. Using any of the Waves Marks in conjunction with the promotion,

9                  marketing, and advertising of any product with audio capabilities;

10              2. Diluting, tarnishing, blurring, and infringing the Waves' Marks and from

11                 injuring Waves' goodwill and reputation;

12              3. Passing off or falsely designating the origin of Defendants' products as

13                 those of Plaintiffs;

14              4. Doing any other act likely to induce the belief that Motorola products are

15                 in any way connected with, sponsored, affiliated, licensed, or endorsed by

16                 Waves.

17              5. Using any of the Waves Marks for goods or services, or on the internet or

18                 as domain names, email addresses, meta tags, invisible data or otherwise

19                 engaging in acts or conduct that would cause confusion as to the source,

20                 sponsorship or affiliation of Defendants with Waves.

21      B.      That Defendants in accordance with 15 U.S.C. § 1116(a), be directed to

22   file with this court and serve upon Waves within thirty days after service of the

23   permanent injunction a report in writing under oath, setting forth in detail the manner and

24   form in which Defendants have complied with the permanent injunction;

PLAINTIFFS' ORIGINAL COMPLAINT

13

1   C.   That Defendants be ordered to deliver an accounting to Plaintiffs within

2   thirty days of the entry of judgment;

3   D.   That Defendants be ordered to deliver up for destruction all labels, signs,

4   prints, packages, wrappers, receptacles, and advertisements in their possession that bear

5   any of Waves' Marks or any reproduction, counterfeit, copy, or colorable imitation

6   thereof, and all plates, molds, matrices, and other means of making the same.

7   E.   That Waves recovers its actual damages sustained as a result of

8   Defendants' wrongful actions or, if so elected by Plaintiffs, statutory damages under

9   15 U.S.C. § 1117(d);

10  F.   That Defendants shall disgorge to Waves its profits made as a result of

11  Defendants' wrongful actions;

12  G.   That Waves recover three times Defendants' profits made as a result of

13  Defendants' wrongful actions or three times Waves' damages, whichever is greater;

14  H.   That this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a)

15  and (b) and that Defendants be deemed liable for and ordered to reimburse Waves for its

16  reasonable attorneys' fees;

17  I.   That Waves be awarded exemplary damages for Defendants' willful and

18  intentional acts;

19  J.   That Waves recover its costs of this action;

20  K.   That Waves recover all prejudgment and postjudgment interest as allowed

21  by law; and

22  L.   That Waves recover such further relief as may be just and proper.

23

24

PLAINTIFFS' ORIGINAL COMPLAINT

14

Dated: 3/11/13

Respectfully Submitted,

J. Scott Denko (*pro hac vice pending*)
(Texas State Bar No. 00792457)
Bradley D. Coburn (*pro hac vice pending*)
(Texas State Bar No. 24036377)
R. Floyd Walker (*pro hac vice pending*)
(Texas State Bar No. 24044751)
Sherri A Wilson (*pro hac vice pending*)
(Texas State Bar No. 24075291)
DENKO COBURN LAUFF LLP
1501 S. MoPac Expy, Suite A315
Austin, TX 78746
Telephone: (512) 906-2074
Facsimile: (512) 906-2075
Email: denko@dcllegal.com
coburn@dcllegal.com
walker@dcllegal.com

Perry R. Clark (California Bar No. 197101)
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533
Email: perry@perryclarklaw.com

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' ORIGINAL COMPLAINT

15

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs demand a jury trial for all issues triable by jury.

3

Respectfully Submitted,

4

Dated: 3/11/13

J Scott Denko (*pro hac vice pending*)

5

(Texas State Bar No. 00792457)

Bradley D. Coburn (*pro hac vice pending*)

6

(Texas State Bar No. 24036377)

R. Floyd Walker (*pro hac vice pending*)

7

(Texas State Bar No. 24044751)

Sherri A Wilson (*pro hac vice pending*)

8

(Texas State Bar No. 24075291)

DENKO COBURN LAUFF LLP

9

1501 S. MoPac Expy, Suite A315

Austin, TX 78746 .

10

Telephone: (512) 906-2074

Facsimile: (512) 906-2075

11

Email: denko@dcllegal.com

coburn@dcllegal.com

12

walker@dcllegal.com

13

Perry R. Clark (California Bar No. 197101)

LAW OFFICES OF PERRY R. CLARK

14

825 San Antonio Road

Palo Alto, CA 94303

15

Telephone: (650) 248-5817

Facsimile: (650) 618-8533

16

Email: perry@perryclarklaw.com

17

## ATTORNEYS FOR PLAINTIFFS

18

19

20

21

22

23

24

PLAINTIFFS' ORIGINAL COMPLAINT

16

# EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,070,047
Registered Mar. 21, 2006

### TRADEMARK
### PRINCIPAL REGISTER

## MAXX

WAVES AUDIO LTD. (ISRAEL CORPORATION)
AZRIELI CENTER
1 ROUND BUILDING, 132 DE RECHPETACH-TIK-VA
TEL AVIV, ISRAEL 67021

FOR: COMPUTER SOFTWARE FOR CONTROL, CONDITIONING AND MODIFICATION OF ELEC-TRONIC WAVEFORMS REPRESENTATIVE OF HU-MAN-SENSIBLE SOUND FOR USE IN AUDIO APPLICATIONS AND TECHNOLOGIES TO IM-PROVE SOUND QUALITY AND AUDIO SYSTEM DESIGN, AND COMPUTER AND ELECTRONICS HARDWARE THEREFOR, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-6-1997; IN COMMERCE 11-12-1997.

SER. NO. 78-199,177, FILED 12-31-2002.

BARBARA GAYNOR, EXAMINING ATTORNEY

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# MAXXAUDIO

**Reg. No. 3,941,010**

**Registered Apr. 5, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

WAVES AUDIO LTD. (ISRAEL CORPORATION)
AZRIELI CENTER, TRIANGLE TOWER, 32ND FLR
132 DERECH PETACH-TIKVA
TEL AVIV, ISRAEL 67021

FOR: SOFTWARE AND ELECTRONIC EQUIPMENT FOR PROCESSING, TRANSMITTING, RECEIVING AND REPRODUCING AUDIO SIGNALS IN ORDER TO ENHANCE BASS QUALITIES, NAMELY, DIGITAL AUDIO WORK STATIONS CONSISTING OF COMPUTER HARDWARE AND SOFTWARE FOR REPRODUCING AUDIO SIGNALS IN ORDER TO ENHANCE BASS QUALITIES; DIGITAL AND ANALOG AUDIO MIXING CONSOLES; HOME AUDIO APPLIANCES, NAMELY, RADIOS, TELEVISION SETS, STEREO SYSTEMS AND MINI STEREO SYSTEMS CONSISTING OF AUDIO AMPLIFIERS, TUNERS, RECEIVERS, AND CD AND AUDIO TAPE PLAYERS; AND VIDEO CASSETTE PLAYERS; PORTABLE AUDIO APPLIANCES, NAMELY, RADIOS AND MP3 PLAYERS; MAGNETIC AND OPTICAL MEDIA CARRYING AUDIO SIGNALS THAT WERE SUBJECT TO BASS ENHANCEMENT, NAMELY, RECORDS, CD'S, AUDIO TAPES, AND MINI-DISKS FEATURING MUSICAL SOUND RECORDINGS; ELECTRONIC PROCESSORS FOR USE IN THE REPRODUCTION OF RECORDED SOUND OR STREAMING OF SOUND; SOUND RECORDINGS EMBODYING ENCODED INFORMATION FEATURING MUSICAL PERFORMANCES; KIT FOR THE SELF-LEARNING OF RECORDING, PROCESSING, RESTORING, MIXING AND MASTERING OF AUDIO CONTENT, SAID KIT COMPRISING PRE-RECORDED INSTRUCTIONAL CD'S AND DVD'S AND ASSOCIATED MANUALS , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-2007; IN COMMERCE 8-31-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,359,170, 2,847,596, AND 3,070,047.

SN 77-017,420, FILED 10-10-2006.

LESLIE RICHARDS, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT C

**Int. Cl.: 9**

**Prior U.S. Cls.: 21, 23, 26, 36, and 38**

**United States Patent and Trademark Office**

Reg. No. 2,847,596

Registered June 1, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## MAXXBASS

WAVES AUDIO LTD. (ISRAEL COMPANY)
23 KALISHER STREET
TEL-AVIV, ISRAEL 65165

FOR: SOFTWARE AND ELECTRONIC EQUIPMENT FOR PROCESSING, TRANSMITTING, RECEIVING AND REPRODUCING AUDIO SIGNALS IN ORDER TO ENHANCE BASS QUALITIES, NAMELY, DIGITAL AUDIO WORK STATIONS CONSISTING OF COMPUTER HARDWARE AND SOFTWARE FOR REPRODUCING AUDIO SIGNALS IN ORDER TO ENHANCE BASS QUALITIES; DIGITAL AND ANALOG MIXING CONSOLES; DIGITAL AND ANALOG RACK-MOUNT PROCESSING EQUIPMENT, NAMELY, AUDIO SIGNAL PROCESSORS; AUDIO PROCESSING EQUIPMENT, NAMELY, COMPUTER HARDWARE FOR BROADCASTING AND GLOBAL COMPUTER NETWORK TRANSMISSION AND COMMUNICATIONS SOFTWARE USED TO ACCESS AND TRANSMIT AUDIO INFORMATION FROM WEBSITES ON A GLOBAL COMPUTER NETWORK; HOME AUDIO APPLIANCES, NAMELY, RADIOS, TELEVISION SETS, CD PLAYERS, AUDIO CASSETTE PLAYERS, STEREO SYSTEMS, MINI STEREO SYSTEMS CONSISTING OF AUDIO AMPLIFIERS, TUNERS, RECEIVERS, CD AND AUDIO TAPE PLAYERS; AND VIDEO CASSETTE PLAYERS; PORTABLE AUDIO APPLIANCES, NAMELY, RADIOS, CD PLAYERS, MINIDISK PLAYERS AND MP3 PLAYERS; MAGNETIC AND OPTICAL MEDIA CARRYING AUDIO SIGNALS THAT WERE SUBJECT TO BASS ENHANCEMENT, NAMELY, RECORDS, CD'S, AUDIO TAPES, MINI DISK FEATURING MUSICAL SOUND RECORDINGS; DOWNLOADABLE BASS ENHANCED MP3 AUDIO FILES FEATURING MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-0-1997; IN COMMERCE 9-0-1997.

SN 75-469,498, FILED 4-17-1998.

MARY BOAGNI, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 3,612,855

Registered Apr. 28, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# MAXXVOLUME

WAVES AUDIO LTD. (ISRAEL CORPORATION)
AZRIELI CENTER, TRIANGLE TOWER, 32ND FLR
132 DERECH PETACH-TIKVA
TEL AVIV, ISRAEL 67021

FOR: SOFTWARE FOR PROCESSING, TRANS-MITTING, RECEIVING AND REPRODUCING AUDIO SIGNALS IN ORDER TO ENHANCE BASS QUALITIES FOR A NUMBER OF APPLICATIONS, NAMELY, FOR MIXING AND MASTERING AUDIO SIGNALS FOR REPRODUCTION, BROADCAST-ING, POST-PRODUCTION, PODCASTING AND IN-TERNET STREAMING, FOR AUDIO PROCESSING AND LEVELING OF VOICEOVERS, VOCALS, AND INSTRUMENTAL TRACKS, AND FOR CONTROL-LING THE DYNAMIC RANGE OF AUDIO SIG-NALS; DIGITAL AND ANALOG AUDIO MIXING CONSOLES; DIGITAL AND ANALOG AUDIO RACK-MOUNT PROCESSING EQUIPMENT, NAMELY, AUDIO SIGNAL PROCESSORS; AUDIO PROCESSING EQUIPMENT, NAMELY, COMPU-TER HARDWARE FOR BROADCASTING AND GLOBAL COMPUTER NETWORK TRANSMISSION AND COMMUNICATIONS SOFTWARE USED TO ACCESS AND TRANSMIT AUDIO INFORMATION FROM WEBSITES ON A GLOBAL COMPUTER NETWORK, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-30-2007; IN COMMERCE 4-30-2007.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,847,596 AND 3,070,047.

SN 77-017,443, FILED 10-10-2006.

STEVEN R. FOSTER, EXAMINING ATTORNEY

# EXHIBIT E

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 11/30/2008)

# Trademark/Service Mark Application, Principal Register

## Serial Number: 85792643
## Filing Date: 12/03/2012

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85792643 |
| **MARK INFORMATION** | |
| **\*MARK** | <u>MAXX</u> |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | MAXX |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| **\*OWNER OF MARK** | Motorola Trademark Holdings, LLC |
| **\*STREET** | 600 N. U.S. Highway 45 |
| **\*CITY** | Libertyville |
| **\*STATE** (Required for U.S. applicants) | Illinois |
| **\*COUNTRY** | United States |
| **\*ZIP/POSTAL CODE** (Required for U.S. applicants only) | 60048 |
| **EMAIL ADDRESS** | mxg674@motorola.com |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Delaware |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |

| INTERNATIONAL CLASS | 009 |
|---|---|
| *IDENTIFICATION | Mobile phones, smartphones, and accessories therefor, namely, power adapters |
| FILING BASIS | SECTION 1(b) |
| **ATTORNEY INFORMATION** | |
| NAME | William R. Anderson |
| ATTORNEY DOCKET NUMBER | MTH1002375 |
| FIRM NAME | Motorola Trademark Holdings, LLC |
| STREET | 600 N. U.S. Highway 45 |
| CITY | Libertyville |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60048 |
| EMAIL ADDRESS | mxg674@motorola.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | David C. Carroll and all other attorneys of the firm |
| **CORRESPONDENCE INFORMATION** | |
| NAME | William R. Anderson |
| FIRM NAME | Motorola Trademark Holdings, LLC |
| STREET | 600 N. U.S. Highway 45 |
| CITY | Libertyville |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60048 |
| EMAIL ADDRESS | mxg674@motorola.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| *TOTAL FEE DUE | 325 |

| *TOTAL FEE PAID | 325 |
|---|---|
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /dcc/ |
| **SIGNATORY'S NAME** | David C. Carroll |
| **SIGNATORY'S POSITION** | Director and Lead Counsel |
| **DATE SIGNED** | 12/03/2012 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 11/30/2008)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 85792643
### Filing Date: 12/03/2012

## To the Commissioner for Trademarks:

**MARK:** MAXX (Standard Characters, see mark)
The literal element of the mark consists of MAXX.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Motorola Trademark Holdings, LLC, a limited liability company legally organized under the laws of Delaware, having an address of
    600 N. U.S. Highway 45
    Libertyville, Illinois 60048
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 009:  Mobile phones, smartphones, and accessories therefor, namely, power adapters
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

The applicant's current Attorney Information:
    William R. Anderson and David C. Carroll and all other attorneys of the firm of Motorola Trademark Holdings, LLC
    600 N. U.S. Highway 45
    Libertyville, Illinois 60048
    United States
The attorney docket/reference number is MTH1002375.
The applicant's current Correspondence Information:
    William R. Anderson
    Motorola Trademark Holdings, LLC
    600 N. U.S. Highway 45
    Libertyville, Illinois 60048
    mxg674@motorola.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1

class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /dcc/   Date Signed: 12/03/2012
Signatory's Name: David C. Carroll
Signatory's Position: Director and Lead Counsel

RAM Sale Number: 11329
RAM Accounting Date: 12/03/2012

Serial Number: 85792643
Internet Transmission Date: Mon Dec 03 09:55:20 EST 2012
TEAS Stamp: USPTO/BAS-144.188.31.2-20121203095520890
263-85792643-4907115676f7965d5ad4e3de3fb
36a8f3-DA-11329-20121203093641691107

# MAXX